## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JNK HOLDINGS LLC,

               Plaintiff,

v.

SESAME CZ, LLC, d/b/a ROKA,

               Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff JNK Holdings LLC ("ROKA AKOR") brings this action against Defendant Sesame CZ, LLC, d/b/a Roka, ("ROKA"), alleging as follows:

## NATURE OF THE ACTION

1.      This is an action against Defendant ROKA for trademark infringement under 15 U.S.C. § 1114; unfair competition under 15 U.S.C. § 1125(a) and Mass. Gen. Laws ch. 93A § 11; trademark dilution under 15 U.S.C. § 1125(c) and Mass. Gen. Laws ch. 101H, § 13; fraudulent misrepresentation under Massachusetts common law; and unfair trade practices under Mass. Gen. Laws ch. 93A, § 11.

## PARTIES

2.      Plaintiff JNK Holdings LLC is a Delaware limited liability company with a principal place of business at 225 East Deerpath Road, Suite 250, Lake Forest, Illinois 60045.

3.      Upon information and belief, Defendant ROKA is a Massachusetts limited liability company maintaining a principal office at 124 Colony Place, Plymouth, Massachusetts

02360 and operating a restaurant under the name ROKA at 801 Massachusetts Avenue, Boston, Massachusetts 02118.

## JURISDICTION AND VENUE

4.     This action arises under the United States Trademark Act of 1946 ("Lanham Act"), Massachusetts General Laws Chapters 93A and 101H, and Massachusetts common law.

5.     This Court has subject matter jurisdiction over the federal claims under 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and 1338(a).

6.     Jurisdiction over the state law unfair competition claim is expressly conferred to this Court under 28 U.S.C. §1338 because it is joined with substantial and related Lanham Act claims.

7.     This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367 because they arise from a common nucleus of operative facts and form part of the same case or controversy as the federal claims.

8.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because the parties have diverse citizenship and the amount of controversy exceeds $75,000.

9.     This Court has personal jurisdiction over ROKA because it is a Massachusetts entity that regularly conducts business in the State, and because its conduct in Massachusetts gives rise to the claims asserted herein.

10.     Venue is proper within this judicial district under 28 U.S.C. § 1391(b).

## BACKGROUND

### Plaintiff's Trademark Rights

11.     In 2008, the first ROKA AKOR restaurant opened in Scottsdale, Arizona.  Since that time, ROKA AKOR restaurants have opened in other locations around the country,

{M0748333.1 }

including in Chicago, Illinois, Skokie, Illinois, and San Francisco, California, all operating under the mark ROKA AKOR (the "ROKA AKOR restaurants").  Each of the ROKA AKOR restaurants continues to operate under the mark ROKA AKOR through today.

12.    Each of the ROKA AKOR restaurants serves contemporary Asian cuisine, featuring sushi and Japanese grilled meats.

13.    Since the opening of the first ROKA AKOR location in Scottsdale, Arizona in 2008, the ROKA AKOR restaurants have been met with critical acclaim.  Since 2008, accolades for the ROKA AKOR restaurants include:

- MICHELIN Guide Recommendation;
- recognition as one of the best sushi restaurants in the country by *Bon Appétit* magazine and *Travel + Leisure* magazine;
- one of the "Top 10 Steakhouses in Chicago" by Crain's Chicago Business;
- Miyazaki Beef Restaurant Award for exclusive cuts of Japanese Wagyu;
- Open Table Diner's Choice Award;
- Concierge Top 40 Recommended Restaurants;
- Wine Spectator Award of Excellence;
- Trip Advisor Certificate of Excellence at 4.5 Stars; and
- "Top Newcomer" by Zagat.

14.    ROKA AKOR has expended significant resources in promoting the ROKA AKOR restaurants under the ROKA AKOR mark through various channels, including but not limited to its website ("www.rokaakor.com"), social media, print publications, and e-mail campaigns.  The ROKA AKOR restaurants have been featured in numerous publications, including, but not limited to, the following:

{M0748333.1 }

| | | |
|---|---|---|
| • 312 Dining Diva | • DiningChicago.com | • NewCity |
| • About.com Travel | • Dining Out | • Northbrook Star |
| • Arizona Foothills Magazine | • DNAinfo | • NS |
| • BeautyandherFeast.com | • Eater.com | • OK Magazine |
| • BizBash | • EnjoyIllinois.com | • Pakistan West |
| • Bottle Notes | • Finnigan's Finds | • Phoenix Magazine |
| • CBS-2 | • Food Mafia | • Redeye |
| • ChicagoBestSteaks.com | • Foodable TV | • Redeye.com |
| • ChicagoBusiness.com | • Front Desk | • Refinery29 |
| • Chicago Food Magazine | • FSR Magazine | • Serious Eats |
| • Chicago Foodie Sisters | • Gaper's Block | • SteveDolinsky.com |
| • Chicago Magazine | • Grape- Experiences .com | • Taste Savant |
| • Chicago Reader | • Grubstreet | • Tasting Table |
| • Chicago Sun-Times | • Haute Living | • Thrillist |
| • Chicago Sun-Times Splash | • Huffington Post | • The Daily Meal |
| • Chicago Tribune | • InsideHook | • The Hungry Learner |
| • Chicago Today | • Kailley's Kitchen | • The Local Tourist |
| • Chicagoist | • MagnificentMile.com | • Thrillist Magazine |
| • ChicagoNow.com | • Make It Better | • Time Out Chicago |
| • Chicago North Shore | • Mandarin Quarterly | • Today's Chicago Woman |
| • CheekyChicago.com | • Marina City Online | • UrbanDaddy |
| • ChicagoPride.com | • Men's Book | • USA Today |
| • Choose Chicago Blog | • Metromix | • WBBM Radio |
| • City Eats | • Michigan Avenue Magazine | • WCIU-TV |
| • Concierge Preferred | • Modern Luxury | • WHERE Chicago |
| • Crain's Chicago Business | • Northwest Indiana Times | • Windy City Times |
| • CS | • NBA.com | • WTTW's Check, Please Planner |
| • TheDailyMeal.com | • NBCChicago.com | • Zagat |

15.    ROKA AKOR has also expended significant resources in promoting the ROKA AKOR restaurants under the ROKA AKOR mark to concierges, online private events booking companies, destination management companies, and other referral networks.

16.    ROKA AKOR owns U.S. Trademark Registration No. 3,606,944 for the standard character mark "ROKA AKOR" and No. 3,606,955 for the stylized mark "ROKA AKOR" both for "restaurant and bar services" (collectively "Registrations"). The Registrations were issued on

{M0748333.1 }

April 14, 2009, and are valid and incontestable.  True and correct copies of the Registrations are attached as **Exhibits A and B**.

17.     Based on its continuous use of the mark ROKA AKOR, ROKA AKOR has also developed common law rights in the ROKA AKOR mark throughout the United States.

18.     The ROKA AKOR restaurants have used the ROKA AKOR mark continuously in the United States since at least as early as February 18, 2008, in connection with "restaurant and bar services."

19.     The ROKA AKOR restaurants and promotional materials for those restaurants prominently feature the ROKA AKOR mark.

20.     Some signage for the ROKA AKOR restaurants includes ROKA as a dominant feature.  Below is a reproduction of the storefront sign for the ROKA AKOR restaurant in Chicago:



21.     Below is a reproduction of the storefront sign for the ROKA AKOR restaurant in San Francisco:



22.     Below is a reproduction of the storefront sign for the ROKA AKOR restaurant in Skokie, Illinois:



23.     As a result of its extensive use of the ROKA AKOR mark and promotion of the ROKA AKOR restaurants under that mark, ROKA AKOR has built a reputation around this famous brand and developed valuable goodwill in connection with services offered under the ROKA AKOR mark.

24.     The ROKA AKOR mark is a famous mark.   Because of ROKA AKOR's expenditure of considerable efforts and resources promoting its ROKA AKOR restaurants under the ROKA AKOR mark, the mark is widely recognized by the general consuming public as indicating a single source of services.

25.     The fame of the ROKA AKOR mark predates ROKA's restaurant operations.

### Defendant's Unlawful Activities

26.     ROKA operates a restaurant in Boston under the mark ROKA, which serves contemporary Asian cuisine, featuring sushi and Japanese grilled meats.

27.     ROKA's restaurant uses the domain name "www.rokasushi.com" to advertise its services online.

28.     ROKA uses the ROKA mark to advertise and promote its restaurant.

29.     The restaurant services offered by ROKA in connection with the ROKA mark are substantially identical to the services offered by ROKA AKOR in connection with the ROKA AKOR mark.

{M0748333.1 }

30.     ROKA is not authorized by ROKA AKOR to use the ROKA mark, or any mark that is confusingly similar to the ROKA AKOR mark, in connection with restaurants, bars, or other related services.

31.     On August 30, 2013, before ROKA began offering its services, counsel for ROKA AKOR sent a letter to the owner and General Manager of ROKA identifying ROKA AKOR's rights in the ROKA AKOR mark and requesting that ROKA "cease and desist from any use of the ROKA mark, and any other identical or confusingly similar terms, in connection with any restaurants, bars, or other use related to our client's services." The letter is attached as **Exhibit C**.

32.     Upon information and belief, ROKA received the August 30, 2013, letter.

33.     ROKA did not respond to the August 30, 2013, letter.

34.     Upon information and belief, ROKA opened its restaurant in Boston, Massachusetts, at the end of September 2013.

35.     Based on the August 30, 2013, correspondence from ROKA AKOR's counsel, ROKA had actual knowledge, or had reason to know, that it was violating ROKA AKOR's trademark rights from the very day that it opened its restaurant in Boston, Massachusetts.

36.     On or around July 14, 2014, after confirming that the ROKA restaurant was operating, counsel for ROKA AKOR sent a letter to the Manager of ROKA, stating that ROKA had "proceeded to operate [its] restaurant under the ROKA name with full knowledge that doing so infringes [ROKA AKOR]'s rights" and again requesting that ROKA "cease and desist from any use of the ROKA mark, and any other identical or confusingly similar terms." The letter is attached as **Exhibit D**.

{M0748333.1 }

37.     On August 4, 2014, ROKA, through its counsel Howard Guggenheim, responded for the first time to ROKA AKOR's allegations of infringement by requesting a telephone call. Attorney Guggenheim's e-mail is attached as **Exhibit E**.

38.     ROKA, through its counsel Howard Guggenheim, conducted a telephone call with counsel for ROKA AKOR on August 6, 2014, but the infringement issue was not resolved.

39.     On August 15, 2014, ROKA, through its counsel Howard Guggenheim, conducted another telephone conversation with counsel for ROKA AKOR.

40.     During the August 15, 2014, telephone conversation, ROKA's counsel Howard Guggenheim represented to ROKA AKOR's counsel that ROKA would stop operating its restaurant under the mark ROKA.

41.     During the August 15, 2014, telephone conversation, ROKA also indicated that it would enter into a formal settlement agreement memorializing that ROKA would stop operating its restaurant under the mark ROKA by the end of 2014.

42.     ROKA, through its counsel Howard Guggenheim, confirmed in an August 16, 2014, email the representation on August 15, 2014, to ROKA AKOR that ROKA would stop operating its restaurant under the mark ROKA.  A copy of the August 16, 2014, email is attached hereto as **Exhibit F**.

43.     Upon information and belief, ROKA had no intention of ceasing its use of the mark ROKA when it represented to ROKA AKOR, during the August 15, 2014, telephone conversation that ROKA would stop operating its restaurant under the mark ROKA.

44.     Upon information and belief, ROKA intended to continue use of the ROKA mark when it knowingly misrepresented to ROKA AKOR on August 15, 2014, that it would cease its use of the ROKA mark.

{M0748333.1 }

-8-

45.   This misrepresentation was made by ROKA with the intent to cause ROKA AKOR to abstain from, or delay, the filing of a court action against ROKA for trademark infringement and/or seeking an injunction against ROKA's use of the mark ROKA.

46.   The misrepresentation that ROKA would stop operating its restaurant under the name ROKA did induce ROKA AKOR to abstain from filing at that time any court action against ROKA for its use of the ROKA mark.

47.   By inducing ROKA AKOR to abstain from filing court action against it, ROKA intended to continue to operate its restaurant and reap profits from its use of the ROKA mark.

48.   Between September 22, 2014, and October 13, 2014, ROKA and ROKA AKOR, through their respective counsel, had discussions about the terms on which ROKA would cease and desist and exchanged draft settlement agreements.

49.   ROKA's most recent communications with ROKA AKOR was on October 9, 2014, before any settlement agreement was executed.

50.   Counsel for ROKA AKOR subsequently made numerous unsuccessful attempts to contact counsel for ROKA, in late October, November, and December 2014 in attempts to conclude the settlement anticipated by ROKA AKOR.

51.   On or about December 1, 2014, counsel for ROKA AKOR sent a letter to counsel for ROKA, outlining ROKA AKOR's numerous attempts to contact ROKA and stating that unless ROKA returned an executed settlement agreement by December 5, 2014, "[ROKA AKOR] will assume [ROKA] no longer intends to cease infringement as agreed and we will be required to take legal action." The December 1, 2014, letter is attached as **Exhibit G**.

{M0748333.1 }

-9-

52.     Counsel for ROKA has not contacted ROKA AKOR at any time between October 9, 2014, and the date of this Complaint.

53.     No ROKA representative has contacted ROKA AKOR at any time between October 9, 2014, and the date of this Complaint.

54.     From July 2014 to the present, ROKA knowingly and intentionally misled ROKA AKOR, first with misrepresentations that it would cease use of the ROKA mark, and later with exchanges regarding terms of settlement and finally with silence, in order to postpone the filing of a court action by ROKA AKOR against it.

55.     Despite knowing or having reason to know that it was and is violating ROKA AKOR's trademark rights, ROKA continues to operate its restaurant under the ROKA mark.

56.     ROKA's activities have harmed and will continue to harm ROKA AKOR's goodwill and reputation and confuse the public unless enjoined.

## COUNT I
## Trademark Infringement Under Federal Law (Lanham Act § 32(1))

57.     ROKA AKOR repeats and realleges the allegations in paragraphs 1 through 56.

58.     ROKA's use in commerce of the name and mark ROKA constitutes infringement under 15 U.S.C. § 1114 of ROKA AKOR's rights in U.S. Trademark Registration Nos. 3,606,944 and 3,606,955 for ROKA AKOR.

59.     ROKA AKOR never consented to ROKA's use of the ROKA name or mark.

60.     ROKA's infringement of ROKA AKOR's rights in U.S. Trademark Registration Nos. 3,606,944 and 3,606,955 for ROKA AKOR has been willful in nature.

61.     As a result of ROKA's actions, ROKA AKOR has suffered serious and irreparable injury and, unless restrained by this Court, is likely to suffer further irreparable injury by ROKA's continued infringement, for which ROKA AKOR has no adequate remedy at law.

{M0748333.1 }

62.     As a result of ROKA's willful infringement of ROKA AKOR's rights in U.S. Trademark Registration Nos. 3,606,944 and 3,606,955 for ROKA AKOR, ROKA AKOR is entitled under 15 U.S.C. § 1117(a) to ROKA's profits, damages sustained by ROKA AKOR and the costs of this action, including its attorney fees, and a trebling of the damages under 15 U.S.C. § 1117(b).

## COUNT II
## Unfair Competition Under Federal Law (Lanham Act § 43(a))

63.     ROKA AKOR repeats and realleges the allegations in paragraphs 1 through 62.

64.     ROKA's use of the ROKA mark in connection with restaurant and bar services is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of ROKA's services by ROKA AKOR, in violation of Section 43(a)(1)(A) of the Lanham Act, or 15 U.S.C. § 1125(a)(1)(A).

65.     ROKA's conduct described herein has at all relevant times been willful and knowing.

66.     As a result of ROKA's willful acts of unfair competition, ROKA AKOR has suffered serious and irreparable injury and, unless restrained by this Court, is likely to suffer further irreparable injury by ROKA's continued infringement for which ROKA AKOR has no adequate remedy at law.

67.     ROKA AKOR is entitled under 15 U.S.C. § 1117(a) to ROKA's profits, damages sustained by ROKA AKOR and the costs of this action, including its attorney fees, and a trebling of the damages under 15 U.S.C. § 1117(b).

## COUNT III
## Dilution Under Federal Law (Lanham Act § 43(c))

68.     ROKA AKOR repeats and realleges the allegations in paragraphs 1 through 67.

{M0748333.1 }

69.     The ROKA AKOR mark is famous throughout the United States and was famous before ROKA commenced the unlawful conduct described herein.

70.     ROKA's actions described herein are likely to cause dilution by blurring and/or dilution by tarnishment of the ROKA AKOR mark, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

71.     ROKA committed these acts willfully and with the intent to create an association with the ROKA AKOR mark.

72.     As a result of ROKA's use of the ROKA mark to willfully and intentionally create an association with the ROKA AKOR mark, ROKA AKOR has suffered serious and irreparable injury and, unless restrained by this Court, is likely to suffer further irreparable injury by ROKA's continued dilution, for which ROKA AKOR has no adequate remedy at law.

73.     As a result of ROKA's actions causing dilution by blurring and/or dilution by tarnishment of the ROKA AKOR mark under 15 U.S.C. § 1125(c), ROKA AKOR is entitled under 15 U.S.C. § 1117(a) to ROKA's profits, damages sustained by ROKA AKOR and the costs of this action, including its attorney fees, and a trebling of the damages under 15 U.S.C. § 1117(b).

## COUNT IV
## Unfair Competition Under State Law (M.G.L. ch. 93A, § 11)

74.     ROKA AKOR repeats and realleges the allegations in paragraphs 1 through 73.

75.     ROKA AKOR and ROKA are engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

76.     ROKA's actions as described herein, including the infringement and dilution of the ROKA AKOR mark, constitute unfair competition under Chapter 93A and were committed by ROKA primarily and substantially in the Commonwealth of Massachusetts.

{M0748333.1 }

77.     ROKA's acts of unfair competition, at all relevant times, have been willful and knowing.

78.     ROKA's acts of unfair competition have damaged and continue to damage ROKA AKOR.

79.     ROKA AKOR is entitled to injunctive relief prohibiting ROKA from continuing such unfair competition.

80.     ROKA AKOR is also entitled to a judgment of three times its damages, together with reasonable attorney fees and costs, pursuant to M.G.L. ch. 93A, § 11.

## COUNT V
## Dilution Under State Law (M.G.L. ch. 110H, § 13)

81.     ROKA AKOR repeats and realleges the allegations in paragraphs 1 through 80.

82.     The ROKA AKOR mark is strong and distinctive, has long been used in connection with the operation and promotion of the ROKA AKOR restaurants throughout the United States, is widely recognized by consumers and those in the trade, and is federally registered.

83.     As alleged above, ROKA AKOR owns common law rights to the ROKA AKOR mark.

84.     ROKA's conduct has caused a likelihood of injury to ROKA AKOR's business reputation and/or a likelihood of dilution of the distinctive quality of the ROKA AKOR mark, in violation of Massachusetts General Laws Chapter 110H, Section 13.

85.     As a result of ROKA's conduct, ROKA AKOR has suffered, and will continue to suffer, damages and irreparable injury for which it has no adequate remedy at law.  ROKA AKOR is entitled to injunctive relief under Massachusetts General Laws Chapter 110H, Section 13.

{M0748333.1 }

<u>COUNT VI</u>
<u>**Fraudulent Misrepresentation**</u>

86.     ROKA AKOR repeats and realleges the allegations in paragraphs 1 through 85.

87.     As described above, ROKA, through counsel, made, on August 15, 2014, knowingly false representations of material fact to ROKA AKOR that ROKA would cease use of the name and mark ROKA.

88.     ROKA made these false representations for the purpose of causing ROKA AKOR to abstain from filing court action so that ROKA AKOR could continuing to benefit and profit from its unlawful use of the name and mark ROKA.

89.     ROKA AKOR reasonably relied on ROKA's false representations as true.

90.     As a result of ROKA's false representations, ROKA AKOR was induced to delay filing court action and lost its opportunity to seek a temporary restraining order or preliminary injunction to enjoin ROKA's unlawful conduct at that time.

91.     As a result of ROKA's false representations, ROKA AKOR continued to suffer damages from ROKA's trademark infringement, dilution, and unfair competition while ROKA continued its unlawful conduct.

92.     But for ROKA's false representations, ROKA AKOR would have filed court action and sought to preliminarily enjoin ROKA's unlawful conduct, and if successful, would not have suffered damages from ROKA's ongoing trademark infringement, dilution, and unfair competition.  ROKA AKOR also would not have incurred the cost of engaging in settlement discussions and drafting a settlement agreement.  ROKA AKOR is entitled to actual damages it incurred as a result of ROKA's fraudulent misrepresentations.

## COUNT VII
## Unfair Trade Practices Under State Law (M.G.L. ch. 93A, § 11)

93.    ROKA AKOR repeats and realleges the allegations in paragraphs 1 through 92.

94.    ROKA AKOR and ROKA are engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

95.    ROKA's actions as described herein, including the numerous fraudulent misrepresentations that it would cease and desist use of the ROKA mark, constitute unfair and/or deceptive acts and practices under Chapter 93A and were committed by ROKA primarily and substantially in the Commonwealth of Massachusetts.

96.    ROKA's unfair and/or deceptive acts and practices, at all relevant times, have been willful and knowing.

97.    ROKA's unfair and/or deceptive acts and practices have damaged and continue to damage ROKA AKOR.

98.    ROKA AKOR is entitled to three times the damages described in paragraph 92, together with attorney fees and costs, pursuant to M.G.L. ch. 93A, § 11.

## REQUEST FOR RELIEF

WHEREFORE, ROKA AKOR respectfully requests this Court to:

(a)    Enter judgment in ROKA AKOR's favor and against ROKA on all claims;

(b)    Enter a permanent injunction restraining and enjoining ROKA and any principals, agents, servants, employees, successors, and assigns of ROKA and all those in privity, concert, or participation with ROKA from:

(i)    using, registering, seeking to register, licensing, or authorizing use of the term ROKA, or any similar name, as a trademark, service mark, trade

{M0748333.1 }

name, business name, or other source identifier on or in connection with a

restaurant or related goods and services;

    (ii)    aiding or causing a third party to use, apply to register, or register any

trademark, service mark, trade name, business name, or other source

identifier that contains the term ROKA or any similar term; and

    (iii)    engaging in any other activity constituting unfair competition, dilution, or

infringement of the ROKA AKOR mark;

(c)    Order ROKA to file with this Court and serve on counsel for ROKA AKOR,

within thirty days after the entry of a permanent injunction, a report in writing under oath setting

forth in detail the manner and form in which ROKA has complied with the terms of the

injunction order;

(d)    Award ROKA AKOR its actual damages, trebled pursuant to 15 U.S.C. §

1117(a), arising out of Defendants' acts of willful infringement;

(e)    Award ROKA AKOR its actual damages, trebled pursuant to M.G.L. ch. 93A, §

11;

(f)    Award ROKA AKOR its attorneys' fees, as well as the costs and expenses of

litigating this suit, pursuant to 15 U.S.C. § 1117(a), M.G.L. ch. 93A, § 11, or otherwise;

(g)    Award ROKA AKOR such other and further relief as the Court may deem just,

proper, and equitable under the circumstances.

## **JURY DEMAND**

ROKA AKOR requests a trial by jury for all issues triable by jury in this action.

Respectfully submitted,

Dated: February 27, 2015

/s/ Thomas F. Dunn
Thomas F. Dunn (BBO # 641252)
John J. Tumilty (BBO # 560017)
MORSE, BARNES-BROWN &
PENDLETON, P.C.
CityPoint
230 Third Avenue, 4th Floor
Waltham, MA 02451
Main: (781) 622-5930
Fax: (781) 622-5933
tdunn@mbbp.com
jtumilty@mbbp.com

*Attorneys for Plaintiff JNK Holdings LLC*

Dean A. Monco
F. William McLaughlin
Steven F. Weinstock
WOOD, PHILLIPS
500 West Madison Street
Suite 1130
Chicago, IL 60661-2562
(312) 876-1800 general
(312) 876-2020 fax
damonco@woodphillips.com
fwmclaughlin@woodphillips.com
sfweinstock@woodphillips.com

*Pro hac vice* to be filed

{M0748333.1 }